## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| B. FELKINS,<br><br>       Plaintiff,<br><br>    v.<br><br>BHOJ SUBRAMINYA NARAAYAN, *et al.*,<br><br>       Defendants. | Case No. 25–cv–04331–ESK–EAP<br><br>**OPINION & ORDER** |

      **THIS MATTER** having come before the Court on the notice of removal filed by *pro se* defendant Bhoj Subraminya Naraayan on May 15, 2025 (ECF No. 1 pp. 2–6); and Naraayan having filed an application (Application) to proceed *in forma pauperis* (IFP) (ECF No. 1–1 pp. 1–5); and Naraayan appearing to seek relief in this Court for the impound of his vehicle (ECF No. 1 p. 5) and from proceedings initiated in the Pemberton Township Municipal Court arising from summonses issued to him[1] by plaintiff in February 17, 2025 for driving without a license, improper display of plates, and operating a vehicle without liability insurance (ECF No. 1–3 pp. 1–4); and Naraayan having failed to appear before the Pemberton Township Municipal Court in March 2025 for a hearing on his summonses (*Id.* p. 4); and the Court finding,

      1.    Pursuant to 28 U.S.C. § 1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

---

[1] Although the summonses only list Naraayan's name, Naraayan indicates that Yoni Devi Prayer Services is also a defendant. (ECF No. 1 p. 3; ECF No. 1–3 pp. 1–3.)

    2.    Naraayan's affidavit in support of the Application sufficiently establishes his inability to pay the Court's fees.

    3.    The Court shall accordingly screen the action to determine whether it is: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii). Pursuant to 28 U.S.C. §1447(c), the Court may also *sua sponte* examine its jurisdiction. While pleadings filed by *pro se* litigants are to be liberally construed and are held to a less stringent standard than those filed by attorneys, *pro se* litigants "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

    4.    "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. §1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required." *Id.*

    5.    Since there is no diversity jurisdiction here, Naraayan invokes federal question jurisdiction as the basis of removal. (ECF No. 1 p. 4) While Naraayan argues lack of due process and violations of Racketeer Influenced and Corrupt Organizations Act, no federal question appears on the face of the summonses. (*Id.* pp. 1, 4, 5.) Furthermore, "a federal district court may not exercise jurisdiction over a municipal court proceeding." *Jefferson El Bey v. N. Brunswick Mun. Ct.*, No. 08–02825, 2008 WL 2510725, at *1 (D.N.J. June 19, 2008). To the extent Naraayan is seeking to avoid the summonses issued by plaintiff and/or an order from the Pemberton Township Municipal Court impounding his vehicle, "the proper procedure is to seek review through the state appellate process." *Id.* at *2 (noting that the "*Rooker–Feldman* doctrine prohibits adjudication of an action where the relief requested would require a Federal Court to either determine whether a Municipal Court's decision is wrong or void that decision, and thus would prevent the Municipal Court from enforcing its orders").

    6.    Naraayan's notice of removal also fails to comply with the procedural requirements set forth in 28 U.S.C. §1446(b). A defendant has 30 days to file a notice of removal either after the receipt, through service or otherwise, of a copy of the initial pleading, or after receipt, through service or otherwise, of a

copy of an amended pleading, motion, or other paper through which removal becomes ascertainable. *Mount Laurel Twp. v. Charernsook*, No. 23–21081, 2023 WL 7014223, AT *5 (D.N.J. Oct. 24, 2023). While Naraayan does not address the timeliness of his removal, given that the summonses were issued in February 2025 and the Pemberton Township Municipal Court had set a hearing in March 2025, the notice of removal was filed well beyond the 30 day time limit. (ECF No. 1–3 pp. 1–4.)

Accordingly,

**IT IS** on this **19th** day of **May 2025 ORDERED** that:

1. The Application (ECF No. 1–1 pp. 1–5) is **GRANTED.**

2. This action shall be **remanded** to the Pemberton Township Municipal Court.

3. The Clerk of the Court is directed to **close** this action and send a copy of this Opinion and Order to defendants by regular mail.

　　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**